**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael T. Smalley, | No. CV-24-00157-TUC-SHR |
| Plaintiff, | |
| v. | **ORDER** |
| United States Internal Revenue Service, et al., | |
| Defendants. | |

Self-represented Plaintiff Michael T. Smalley, who is confined in the United States Penitentiary-Tucson, has filed a Complaint (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 5). The Court will dismiss this action.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $62.68. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28

U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

Plaintiff's Complaint will be dismissed for failure to state a claim without leave to amend because the defects cannot be corrected.

**III.     Complaint**

In his Complaint, Plaintiff sues the United States Internal Revenue Service (IRS), the United States Department of the Treasury, and Bureau of Fiscal Service, and seeks an order requiring the IRS to issue him Economic Impact Payment (EIP) funds and cover his costs of suit.

Plaintiff alleges as follows.  On March 21, 2022, Plaintiff filed his 2020 tax return.  He received a $600 tax refund for the 2020 tax year.  On November 22, 2022, Plaintiff filed his 2021 tax return and received a $1,400 tax refund for the 2021 tax year.  Plaintiff never received the $1,200 "Recovery Rebate/EIP" for tax year 2020 but received a September 1, 2023 notice stating "his EIP2/Recovery Rebate for Tax Year 2020 was taken to cover a non-tax federal debt, in the amount of $1,334.41, from the U.S. Department of Treasury, Bureau of the Fiscal Service (BFS)."  The offset was paid to the United States Attorney for the Eastern District of Michigan.  Plaintiff attests "such debt offset was to his court fines and restitution due from his federal criminal case."

Plaintiff alleges he is a United States citizen eligible to receive EIPs as provided by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 26 U.S.C. § 6428.  Plaintiff received notice his refunds had been "offset to non-taxable debt" from the IRS.  Plaintiff attempted to file a "Zero-balance 1040 Tax Return" for 2019, to obtain EIPs without having to file the 2020 and 2021 tax returns, but it was "never properly processed by the IRS."  Plaintiff asserts, if the IRS had properly processed the tax year 2019 return, "no offsets would have occurred," and Plaintiff would have received "all funds due to him."  Plaintiff contends, under "Butler v. CHFS,"[1] the IRS does not have authority to offset money from EIPs "to any debts that are not child support or direct amounts due to the IRS

---

[1] In *Butler v. CHFS*, No. CV 6:20-234-WOB, 2020 WL 7322717 (E.D. Ky. Dec. 11, 2020), the district court determined prisoner's claims lacked merit because stimulus payments could be garnished for payment of past-due child support pursuant to 26 U.S.C. §§ 6402(c) and 6428.

- 3 -

for tax debts." Plaintiff asserts "it is clear that the debt offset was a non-taxable, non-child support debt." He contends the CARES Act "specifically states that this debt cannot be offset to [Plaintiff's] refund, and was agreed upon in 26 U.S.C. § 7422(a) – which cites the fact that a taxpayer must file a return before filing a suit, which [Plaintiff] has done."

Plaintiff attaches a letter from the IRS explaining his payments were diverted to the Treasury Offset Program for payment towards Plaintiff's outstanding debt.

**IV.   Failure to State a Claim**

Plaintiff has failed to state a claim for relief. The CARES Act authorized the Secretary of the Treasury to issue EIPs before December 31, 2020. *See* 26 U.S.C. § 6428(f)(3)(A). The Consolidated Appropriations Act (CAA) of 2021, which authorized further EIPs after the expiration of the CARES Act, used the same mechanism for requesting an EIP, with a deadline of January 15, 2021. 26 U.S.C. § 6428A(a), 6428A(f)(3)(A)(ii)(I). Likewise, the American Rescue Plan Act (ARPA) authorized an additional EIP with a request deadline of December 31, 2021. 26 U.S.C. § 6428B(g)(3).

Before issuing a federal income tax refund, the Secretary of the Treasury is required to offset against the refund any debts a taxpayer may owe to another federal agency. 26 U.S.C. § 6402(d). The Department of Treasury, through its Bureau of the Fiscal Service, operates the Treasury Offset Program to collect on those debts by offsetting eligible federal payments. *See* 31 C.F.R. § 285.5(a)(1). While CARES Act and CAA payments were initially exempt from non-child support offset claims, Congress retroactively amended the CARES Act to clarify EIPs "were only exempt from offset if they had been requested as an EIP rather than part of a tax refund." *Prance v. United States*, No. 22-1905, 2023 WL 6799101, at *1 (Fed. Cl. Oct. 13, 2023) (citing Pub. L. No. 116–260, § 273(b)(1), 134 Stat. 1978 (2020)). Similarly, the ARPA "protected EIPs from offset but provided no protection for payments claimed as a tax refund." *Id*. at *3 (citing Pub. L. No. 117–2, § 9601(c)(2), 135 Stat. 143 (2021)).

In 2022, Plaintiff sought COVID-related relief payments by filing tax returns and

claiming tax refunds.[2] Because the relief payments were paid as *tax refunds*, not EIPs, the Treasury Department was entitled to offset Plaintiff's tax refunds against Plaintiff's non-taxable debt. *See Prance*, 2023 WL 6799101, at *3 ("The CARES Act, CAA, and ARPA, however, protect relief payments from offset *only if* the monies are claimed in the form of EIPs rather than through a tax refund." (emphasis added)). Accordingly, Plaintiff is not entitled to repayment of the tax refunds at issue.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 5) is **GRANTED**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $62.68.

(3) The Complaint (Doc. 1) is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 9th day of August, 2024.

Honorable Scott H. Rash
United States District Judge

---

[2] Plaintiff appears to claim he attempted to apply for EIPs prior to filing tax returns but the IRS failed to process these requests. Plaintiff does not allege he filed his EIP requests before the relevant deadlines, nor does he describe any efforts to follow-up on his unprocessed EIP applications. Regardless, Plaintiff ultimately sought the relief payments as tax refunds.